UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CAROLYN SLUSHER, | ) | |
| | ) | CIVIL COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. |
| ASSET CONSULTING EXPERTS, | ) | |
| LLC, and MICHAEL EVANS | ) | |
| | ) | |
| Defendant. | ) | **JURY DEMAND** |
| | ) | |

## COMPLAINT

Now comes CAROLYN SLUSHER ("Plaintiff"), complaining as to the conduct of ASSET CONSULTING EXPERTS, LLC, ("ACE") and MICHAEL EVANS ("Evans") (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as ACE's principal place of business is located in this District, and a substantial portion of the events giving rise to the claims occurred within this District.

[1]

## PARTIES

4. Plaintiff is a natural person residing in the State of Washington.

5. ACE is a third-party debt collector headquartered in New York that regularly collects upon consumers in the State of Washington.

6. ACE acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

7. Upon information and belief, Evans participates in and oversees the day-to-day debt collection activities of ACE, and he actively collects upon consumer debts himself.

8. Evans is a natural person who, upon information and belief, resides in the Western District of New York.

## FACTS SUPPORTING CAUSES OF ACTION

9. Plaintiff took out a payday loan for personal (not business) purposes.

10. Earlier this year, Plaintiff began receiving calls from Defendants regarding a purported debt.

11. During one call, ACE's employee threatened to file a lawsuit against Plaintiff if she did not pay the purported debt.

12. On information and belief, the purpose of Defendants threat was to harass Plaintiff into paying the purported debt.

13. On information and belief, Defendants do not have the legal authority to file a lawsuit against Plaintiff in order to collect the purported debt. In the alternative, Defendants do not actually intend to file a lawsuit against Plaintiff in order to collect the purported debt.

14. Upon information and belief, Evans oversaw ACE's collection activities regarding Plaintiff.

15. Upon information and belief, there exists a complete identity of interest between ACE and Evans, such that it is in the interests of justice to pierce the corporate veil.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff realleges the paragraphs above as though fully set forth herein.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA, or, in the alternative, he is a person with "injurious exposure" to conduct violating § 1692e of the FDCPA.

18. Defendants are a "debt collector[s]" as defined by § 1692a(6) of the FDCPA because the principal purposes of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so.

19. In the alternative, Defendants are "debt collector[s]" under § 1692(a)(6) because it regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20. ACE and Evans identify themselves as debt collectors and are engaged in the business of collecting or attempting to collect, directly or indirectly, default debts owed, due, or asserted to be owed or due to others.

21. Employees and officers of debt collection agencies are themselves liable as debt collectors where they "regularly engage[], directly or indirectly, in the collection of debts," including through "oversee[ing] compliance." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008).

22. Evans is therefore liable for ACE's violations of the FDCPA committed under his supervision, including, on information and belief, the violations described in this Count.

23. Further, Evans is liable for ACE's wrongdoing because the corporate veil the corporate veil should be pierced.

24. The subject debt is a "debt" as defined by FDCPA § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purposes, being in this case a payday loan used for personal purposes.

25. Defendants actions violated:

   a. § 1692e generally because Defendants made false, deceptive, and misleading representations or means in connection with the collection of a debt; and

[ 4 ]

  b. § 1692e(5) because Defendants threatened to take legal action that cannot legally be taken, or, in the alternative, that Defendants do not intend to take.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment as follows:

  a. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

  b. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

  c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3); and

  d. Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated: September 18, 2019

By: <u>s/ Jonathan Hilton</u>
Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
jhilton@hiltonparker.com
