UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CAROLYN SLUSHER,

                Plaintiff,

     v.

ASSET CONSULTING EXPERTS, LLC
and MICHAEL EVANS,

                Defendants.
_____

**DECISION AND ORDER**

1:19-CV-01265 EAW

# BACKGROUND

Plaintiff Carolyn Slusher ("Plaintiff") commenced this action on September 18, 2019, against defendant Asset Consulting Experts, LLC ("ACE") and Michael Evans (collectively "Defendants"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). (Dkt. 1). Specifically, Plaintiff alleges that Defendants violated § 1692e generally by making false, deceptive, and misleading representations or means in connection with the collection of a debt, and § 1692e(5) by threatening to take legal action that cannot legally be taken, or in the alternative that Defendants do not intend to take. (*Id.* at ¶ 25). Plaintiff alleges that this conduct occurred in connection with attempts to collect on a payday loan that Plaintiff took out for personal (not business) purposes. (*Id.* at ¶ 9).

The filed affidavit of service indicates that service was made on ACE by delivering the process to the New York Secretary of State pursuant to section 303 of New York's

Limited Liability Company Law. (Dkt. 3). No affidavit of service was filed for defendant Michael Evans.

Currently pending before the Court is a motion for default judgment filed by Plaintiff against ACE. (Dkt. 6). Plaintiff also seeks to dismiss defendant Michael Evans without prejudice because he was never successfully served. (*Id.*). Plaintiff requests judgment in the amount of $7,943.83, comprised of $1,000 in statutory damages, $5,000 in actual noneconomic damages, $1,483.83 in attorneys' fees, $60 in litigation expenses and $400 in court costs. (*Id.*).

The Clerk of Court entered a default against ACE on November 22, 2019. (Dkt. 5). Thereafter, Plaintiff filed the pending motion for default judgment on June 15, 2020. (Dkt. 6). Plaintiff served the motion on ACE at its last known addresses (Dkt. 8), and no response was filed by ACE.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 55 sets forth the procedural steps for obtaining a default judgment. First, a plaintiff must seek entry of default where a party against whom it seeks affirmative relief has failed to plead or defend in the action. Fed. R. Civ. P. 55(a). As noted above, Plaintiff has obtained entry of default as to ACE in this case. (Dkt. 5).

"Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *see also* Fed. R. Civ. P. 55(b). "Once found to be in default, a defendant is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability." *Philip Morris USA Inc. v. 5*

*Bros. Grocery Corp.*, No. 13-CV-2451 (DLI)(SMG), 2014 WL 3887515, at *2 (E.D.N.Y. Aug. 5, 2014) (citation omitted).

"As the Second Circuit has noted, when determining whether to grant a default judgment, the Court is guided by the same factors which apply to a motion to set aside entry of default." *Krevat v. Burgers to Go, Inc.*, No. 13-CV-6258, 2014 WL 4638844, at *5 (E.D.N.Y. Sept. 16, 2014) (citing *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 170-71 (2d Cir. 2001)). The three factors include: (1) "whether the defendant's default was willful"; (2) "whether the defendant has a meritorious defense to plaintiff's claims"; and (3) "the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Id.* "[P]rior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish the [defendant's liability] as a matter of law." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (citations omitted).

"Upon establishing a defendant's liability, the only remaining question is whether the plaintiff has provided adequate evidentiary support for the damages sought." *Granite Music Corp. v. Ctr. St. Smoke House, Inc.*, 786 F. Supp. 2d 716, 726 (W.D.N.Y. 2011) (citing *Greyhound Exhibitgroup, Inc. v. E.LU.L Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). "[A] defendant's default does not constitute admission of the plaintiff's allegations relating to the amount of damages." *Annuity, Pension, Welfare, Training & Labor Mgmt. Coop. Trust Funds v. Coastal Envtl. Grp., Inc.*, No. 18 Civ. 5773 (AMD) (ST), 2019 WL 4603805, at *3 (E.D.N.Y. Sept. 5, 2019) (citing Fed. R. Civ. P. 8(b)(6), *Cement & Concrete Workers Dist. Council Welfare Fund v. Metrofoundation Contractors, Inc.*, 699 F.3d 230,

234 (2d Cir. 2012)), *report and recommendation adopted,* No. 18-CV-5773 (AMD)(ST), 2019 WL 4602851 (E.D.N.Y. Sept. 23, 2019). "Thus, upon establishing the liability of a defaulting defendant, the Court must conduct its own analysis to 'ascertain the amount of damages with reasonable certainty' by first 'determining the proper rule for calculating damages on [the given] claim' and then 'assessing plaintiff's evidence supporting the damages to be determined under this rule.'" *Id.* (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "The plaintiff in such a case bears the burden to demonstrate 'that the compensation sought relate[s] to the damages that naturally flow from the injuries pleaded.'" *Coastal Envtl. Grp., Inc.*, 2019 WL 4603805, at *3 (quoting *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 159).

Ultimately, "[t]he decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015); *Granite Music Corp.*, 786 F. Supp. 2d at 726 ("It is within the sound discretion of the District Court whether to enter a default judgment pursuant to Rule 55(b)(2), based on the assessment of the circumstances of the case and an evaluation of the parties' credibility and good faith.").

Here, the Court easily concludes that Plaintiff has established ACE's willfulness and that Plaintiff, as the non-defaulting party, would be prejudiced in the absence of a default judgment. As to the latter, "[w]ithout the entry of a default judgment, Plaintiff would be unable to recover for the claims adequately set forth in the Complaint." *Flanagan v. N. Star Concrete Constr., Inc.*, No. 13-CV-2300 (JS)(AKT), 2014 WL 4954615, at *7 (E.D.N.Y. Oct. 2, 2014). With respect to willfulness, Plaintiff has submitted proof of

service demonstrating the summons and complaint were served on ACE through the Secretary of State pursuant to New York's Limited Liability Law § 303.[1]  Moreover, Plaintiff's motion for default judgment was served upon ACE at the address listed for the company with the New York Secretary of State and at the address listed on the Better Business Bureau webpage and in the Yellow Pages.  (Dkt. 8).  ACE did not respond to either the summons and complaint, or the motion for default judgment.  "Defendant's failure to appear, failure to respond to the Complaint, and failure to respond to the instant motion sufficiently demonstrate willfulness."  *Krevat*, 2014 WL 4638844, at *6 (citation omitted); *see also S.E.C. v. McNulty*, 137 F.3d 732, 738-39 (2d Cir. 1988) (defendant's failure to appear, to respond to complaint, and to respond to motion for default judgment indicates willful conduct).  Thus, the Court turns to the merits of Plaintiff's claim and any defense.

## II. <u>Merits of the Claim and Any Defense</u>

"A defense is meritorious if it is good at law so as to give the factfinder some determination to make."  *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (quotation and citation omitted).  "While a defendant need not establish his defense

---

[1]  This state-court service provision, which is available in federal court pursuant to Federal Rule of Civil Procedure 4, provides that service on a limited liability company "shall be made by personally delivering to and leaving with the secretary of state or his or her deputy, or with any person authorized by the secretary of state to receive such service, at the office of the department of state in the city of Albany, duplicate copies of such process together with the statutory fee" and that such service "shall be complete when the secretary of state is so served."  Compliance with this provision with respect to ACE is apparent from a review of the affidavit of service.  (*See* Dkt. 3).

conclusively, he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Krevat*, 2014 WL 4638844, at *6 (quotation and citation omitted).

"[W]here a defendant fails to answer the complaint, a court is unable to make a determination whether the defendant has a meritorious defense to the plaintiff's claims, which circumstance weighs in favor of granting a default judgment." *Id.*

> The fact that a complaint stands unanswered does not, however, suffice to establish liability on [the] claims: a default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading. With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action.

*Said v. SBS Electronics, Inc.*, No. CV 08-3067(RJD)(JO), 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010); *see also Krevat*, 2014 WL 4638844, at *7 ("Even if a plaintiff's claims are deemed admitted, a plaintiff must demonstrate that the allegations set forth in the complaint state valid claims.").

"The statutory purposes of the FDCPA are to 'eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Wagner v. Chiari & Ilecki, LLP*, 973 F.3d 154, 164-65 (2d Cir. 2020) (quotation and citation omitted). As a result, the FDCPA must "be construed liberally to effectuate its stated purpose." *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 214 (2d Cir. 2018).

Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any

debt," and that includes conduct involving "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). "A debt collection practice may violate the FDCPA even if it does not fall within any of the subsections [of section 1692e] and a single violation of section 1692e is sufficient to establish civil liability under the FDCPA." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir. 1993) (citations omitted). The Second Circuit applies "an objective test based on the understanding of the 'least sophisticated consumer'" to determine whether conduct violates section 1692e. *Id.*

Thus, section 1692e(5) proscribes a debt collector using language where "the 'least sophisticated consumer' would interpret this language to mean that legal action was authorized, likely and imminent." *Id.* A violation of § 1692e(5) will occur if "[t]he clear import of the language, taken as a whole, is that *some* type of legal action has already been or is about to be initiated and can be averted from running its course only by payment." *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 25 (2d Cir. 1989).

Here, the complaint alleges that during one of the calls made to Plaintiff, "ACE's employee threatened to file a lawsuit against Plaintiff if she did not pay the purported debt." (Dkt. 1 at ¶ 11). It is further alleged that ACE did not have the legal authority to file any such lawsuit, or alternatively it did not actually intend to file a lawsuit. (*Id.* at ¶ 13). These allegations are expounded upon to some degree in the affidavit from Plaintiff submitted in support of the motion for default judgment, wherein she states that ACE threatened to garnish her wages, pursue collections, file a judgment against her, and report her to credit reporting agencies. (Dkt. 6-1 at ¶ 6). The Court concludes that these allegations are

sufficient to establish ACE's liability for Plaintiff's claims that the FDCPA was violated. Thus, the Court now turns to the issue of damages.

### III. Damages

"A default constitutes an admission of all well-pleaded factual allegations in the complaint, except for those relating to damages." *1st Bridge LLC v. 682 Jamaica Ave., LLC*, No. 08-CV-3401 (NGG)(MDG), 2010 WL 4608326, at *3 (E.D.N.Y. July 13, 2010), *report and recommendation adopted*, No. 08-CV-3401 NGG MDG, 2010 WL 4607409 (E.D.N.Y. Nov. 4, 2010). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012). In other words, while "Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not mandatory" and instead it lies within a district court's sound discretion to determine "when it is 'necessary and proper' to hold an inquest on damages." *Id.* (quotation and citation omitted).

Of course, "a court must ensure that there is an adequate basis for the damages sought by a plaintiff before entering judgment in the amount demanded." *Ditech Fin. LLC v. Singh*, No. 15-CV-7078 (FB) (SMG), 2017 WL 4271655, at *4 (E.D.N.Y. Sept. 6, 2017), *report and recommendation adopted*, 2017 WL 4233023 (E.D.N.Y. Sept. 22, 2017). "A plaintiff's statement as to the amount of damages alone does not provide the requisite reasonable certainty." *RGI Brands LLC v. Cognac Brisset-Aurige, S.a.r.l.,* No. 12 CIV.

1369 LGS AJP, 2013 WL 1668206, at *6 (S.D.N.Y. Apr. 18, 2013), *report and recommendation adopted*, No. 12 CIV. 01369 LGS, 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013). "Where, on a damages inquest, a plaintiff fails to demonstrate its damages to a reasonable certainty, the court should decline to award any damages, even though liability has been established through default." *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012).

Here, Plaintiff requests statutory damages, noneconomic actual damages, costs, and attorneys' fees. (Dkt. 6 at 4-8). In support of those requests, Plaintiff has submitted her own affidavit and the affidavit of her attorney with supporting time records. (Dkt. 6-1; Dkt. 6-2; Dkt. 6-3). Plaintiff specifically argues that a hearing is unnecessary. (Dkt. 6 at 2-3). Each of the categories of damages requested by Plaintiff is discussed below.

### A. <u>Statutory Damages</u>

The FDCPA allows for an award of statutory damages up to $1,000. 15 U.S.C. § 1629k(a)(2)(A). In determining the amount of a statutory damage award, relevant factors that a court shall consider include "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, . . . and the extent to which such noncompliance was intentional. . . ." *Id*. at § 1629k(b)(1). "The decision whether to award statutory damages under the FDCPA and the size of the award are matters committed to the sound discretion of the district court." *Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir. 1998). "Awards of the $1,000 statutory maximum are rare and are typically granted [only] in cases where a defendant's violations are particularly egregious or

intimidating." *Randle v. AC Asset Services, LLC*, 19-CV-01074-LJV, 2020 WL 5757187, at *4 (W.D.N.Y. Sept. 28, 2020) (citations and internal quotations omitted).

Here, Plaintiff states that ACE contacted her approximately 15 times over the span of a couple months. (Dkt. 6-1 at ¶ 4). ACE used various phone numbers to contact Plaintiff, and communicated with Plaintiff in a harassing manner, calling her a "loser" and threatening legal action. (*Id.* at ¶¶ 5-6). Plaintiff does not allege that ACE ever contacted her family or friends, or that it contacted her in the workplace.

Under the circumstances, the Court finds that an award of statutory damages is appropriate, but the conduct is not sufficiently egregious to warrant an award at the statutory ceiling. The Court's survey of cases in this District addressing comparable situations reveals that statutory damages in the range of $500 are more typical. *See Randle*, 2020 WL 5757187 at *4 (collecting cases); *Lepski v. Bayside Capital Servs., LLC*, 19-CV-1677S, 2020 WL 4192245, at *2 (W.D.N.Y. July 21, 2020) (awarding $500 in statutory damages where the defendant's actions were harassing, included calling family members, but conduct occurred only a few times, and collecting cases ranging from $250 to $1,000). The Court concludes that under the circumstances, Plaintiff is entitled to an award of $500 in statutory damages.

### B. Actual Noneconomic Damages

Plaintiff does not seek economic damages, but does claim that she is entitled to an award of $5,000 in actual noneconomic damages. (Dkt. 6 at 5-6). The FDCPA provides an award of "actual damage sustained by such person as a result of" the statutory violations. 15 U.S.C. § 1692k(a)(1). "Actual damages are intended to compensate a plaintiff for 'out

of pocket expenses, personal humiliation, embarrassment, mental anguish, and/or emotional distress that results from defendant's failure to comply with the FDCPA.'" *Randle*, 2020 WL 5757187, at *4 (quotation and citation omitted). "Although a plaintiff may rely on his own testimony to establish such damages, he must explain the circumstances of his injury in reasonable detail, and may not rely on conclusory statements unless the facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the Defendant[']s action." *Id*. at *5 (quotation and citation omitted).

Plaintiff has submitted an affidavit stating that ACE's conduct caused her "great stress and anxiety," that the threats were particularly concerning because she had "worked hard to improve" her credit score, and that she "spoke with a psychiatrist about the stress and anxiety that" ACE had caused her to suffer. (Dkt. 6-1 at ¶¶ 8-10). Plaintiff has not submitted any proof aside from her own affidavit to support these claims, such as mental health records. Under the circumstances, the Court concludes that Plaintiff has sufficiently established her entitlement to some noneconomic damages, but not to the extent she has requested. ACE's conduct would have inevitably caused some degree of stress and anxiety, was not isolated but rather continued over a period of months, and was sufficiently harassing so that an award of $1,000 in actual noneconomic damages is justified. *See Randle*, 2020 WL 5757187, at *5-6 (awarding plaintiff who actually paid money to defendant and experienced stress attempting to recover money entitled to noneconomic damages of $1,000, and other plaintiff who claimed increased anxiety entitled to $500); *Lepski*, 2020 WL 4192245 at *3 (awarding plaintiff $2,000 in noneconomic damages

where court found plaintiff suffered some economic distress especially in view of calls to family members); *see also Mira v. Maximum Recovery Solutions, Inc.*, No. CV 11-1009(ADS)(GRB), 2012 WL 4511623, at *3 (Aug. 31, 2012) (awarding $1,000 for emotional distress where the defendant's contacts with the plaintiff spanned no more than two months and there was no proof that the plaintiff sought or received medical treatment as a result of these contacts), *report and recommendation adopted*, No. 11-CV-1009 ADS GRB, 2012 WL 4581590 (E.D.N.Y. Sept. 29, 2012).

### C. Attorneys' Fees and Costs

The FDCPA provides that a successful plaintiff is entitled to an award for "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1592k(a)(3). The lodestar method provides one means of calculating a reasonable fee, which "multiplies hours reasonably expended against a reasonable hourly rate." *Hallmark v. Cohen & Slamowitz, LLP*, 378 F. Supp. 3d 222, 227 (W.D.N.Y. 2019) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96 (2d Cir. 2005)). A reasonable hourly rate is "the rate a paying client would be willing to pay, bearing in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively." *Id*. (internal quotations and alterations omitted, citations omitted). In determining the reasonable number of hours spent on a case, "the court must make a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended" with the critical inquiry being "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Id*. at 230 (citations and internal quotations omitted).

Here, Plaintiff's counsel seeks a fee award based on hourly rates ranging from $270 for her lead counsel, Jonathan Hilton, to $130 for a law student clerk. (Dkt. 6-2; Dkt. 6-3). Courts in this District generally have found that in FDCPA cases, "a reasonable hourly rate for attorneys' fees ranges from about $200 to $300 per hour." *Hallmark*, 378 F. Supp. 3d at 229 (collecting cases).

The Court concludes that Mr. Hilton's requested hourly rate of $270 is reasonable. With respect to the requested hourly rate of Matthew Stewart, an employee of Mr. Hilton's firm, it is represented that he was admitted to the Ohio bar on November 12, 2019. (Dkt. 6-2 at ¶ 12). The time records submitted by Plaintiff charge an hourly rate for Mr. Stewart prior to his admission to practice of both $270 (*see* 9/16/2019 time entry) and $200. (Dkt. 6-3). The Court finds that these rates are not reasonable, and reduces the rate for Mr. Stewart prior to his admission to practice to $110. *See Lepski*, 2020 WL 4192245, at *4 (finding requested hourly rates from same law firm in range of $270 for Mr. Hilton to be reasonable, but reducing requested rate of $130 to $185 for law student clerks to $110); *Faulkner v. Eastpoint Recovery Grp., Inc.*, 19-CV-1262S, 2020 WL 7711278, at *3 (W.D.N.Y. Dec. 29, 2020) (finding Mr. Hilton's rate of $300 to be reasonable, and rate of Mr. Stewart at $180 after admission to practice and $110 prior to admission to practice, to be reasonable).

Moreover, after admission to practice, the Court finds that a reasonable hourly rate for Mr. Stewart is not the $200 requested, but rather $180. *Faulkner*, 2020 WL 7711278, at *3. With respect to the law student clerk Chloe Quin, the Court finds that the requested hourly rate of $130 should be reduced to $110, *id.*, and the Court further finds that Plaintiff

is not entitled to any attorneys' fee for the work by timekeeper "EB" since there is no explanation of who this individual is or his/her background.  (*See* Dkt. 6-2; Dkt. 6-3).

With respect to the total hours worked on this matter (excluding the time of "EB" for which there is no explanation), the Court finds that the total of 6.1 hours is reasonable under the circumstances.  Thus, based on the hourly rates discussed above, the total attorneys' fee awarded to Plaintiff is $1,159.

Additionally, Plaintiff has established her entitlement to the $60 in costs, representing the process server fee and statutory service of process fee for the New York Secretary of State (Dkt. 6-2 at ¶ 3), along with court costs of $400 representing the filing fees.  Accordingly, Plaintiff is awarded a total of $1,619 in attorneys' fees and costs.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for a default judgment is granted (Dkt. 6) and she is awarded $500 in statutory damages, $1,000 in actual noneconomic damages, and $1,619 in attorneys' fees and costs, for a total award of $3,119.  The Clerk of Court is directed to enter a total judgment in favor of Plaintiff against defendant Asset Consulting Experts, LLC, in the amount of $3,119 consistent with this Decision and Order, and close this case.  Defendant Michael Evans is dismissed from this action without prejudice.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: March 9, 2021
       Rochester, New York