UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CAROLYN SLUSHER

                                    Plaintiff,                    **DECISION AND ORDER**

v.                                                                      1:19-cv-1265 -EAW-JJM

ASSET CONSULTING EXPERTS, LLC, and
MICHAEL EVANS,

                                    Defendants.
_____

        This is an action brought for damages pursuant to the Fair Debt Collection

Practices Act 15 U.S.C. §1692, *et seq.* On March 9, 2021, the Honorable Elizabeth A. Wolford

directed entry of judgment in plaintiff's favor in the total amount of $3,119.00 against defendant

Asset Consulting Experts, LLC and dismissed the action as to defendant Michael Evans.

Decision and Order [10], at 14.  Before the Court is plaintiff's motion [11] to compel post-

judgment discovery pursuant to Fed. R. Civ. P. ("Rule") 69.  Judge Wolford referred this matter

to me for disposition of all post-judgment matters [12].

**ENTRY OF JUDGMENT**

        As an initial matter, the Court's March 9, 2021 Decision and Order instructed the

Clerk of the Court to enter judgment in plaintiff's favor in the amount of $3,119.00.  *See*

Decision and Order [10], at 14.  However, no separate judgment appears on the docket.  I

therefore direct the Clerk of the Court to "set out in a separate document" the judgment issued by

the Court.  *See* Rule 58 ("[e]very judgment . . . must be set out in a separate document").

**PLAINTIFF'S MOTION TO COMPEL**

Rule 69(a)(2) permits a judgment creditor to "obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located".  Section 5223 of New York's Civil Practice Law and Rules ("CPLR") states that a "judgment creditor may compel disclosure of all matter relevant to the satisfaction of the judgment, by serving upon any person a subpoena".  "Under New York law, a judgment creditor can use an information subpoena to compel disclosure of information relevant to a judgment debtor's satisfaction of the judgment." Soundkillers LLC v. Young Money Entertainment, LLC, 2016 WL 4990257, *3 (S.D.N.Y. 2016); *see also* Buffalo Laborers Welfare Fund v. Sanders, 2021 WL 230873, *1 (W.D.N.Y. 2021) (*citing* Soundkillers, supra).

New York's CPLR also governs the method of service of an information subpoena and imposes other requirements for subpoenas served upon those who are not the judgment debtor.  "Service of an information subpoena may be made by registered or certified mail, return receipt requested."  CPLR Rule 5224(a)(3).  Information subpoenas served upon an individual "other than the judgment debtor" "shall contain a certification signed by the judgment creditor or his or her attorney stating the following:  I HEREBY CRETIFY THAT THIS INFORMATION SUBPOENA COMPLIES WITH RULE 5224 OF THE CIVIL PRACTICE LAW AND RULES AND SECTION 601 OF THE GENERAL BUSINESS LAW THAT I HAVE A RESAONABLE BELIEF THAT THE PARTY RECEIVING THIS SUBPOENA HAS IN THEIR POSSESSION INFORMAITON ABOUT THE DEBTOR THAT WILL ASSIST THE CREDITOR IN COLLECTING THE JUDGMENT".  CPLR Rule 5224(a)(3)(i) (emphasis in original).  An information subpoena served upon an individual other than the judgment debtor

that "does not contain the certification . . . shall be deemed null and void".   CPLR Rule 5224(a)(3)(ii).

Here, plaintiff's attorney attached a copy of the information subpoena to his declaration in support of the motion to compel. *See* Exhibit 2, Rule (69) [*sic*]: Request for Production for Asset Consulting Experts, LLC [11-2].  The Certificate of Service attached to the information subpoena states that it was "served by first class mail" upon "Michael Evans" at the address specified therein.

The information subpoena was not properly served.  Rule 5224 requires an information subpoena to be served "by registered or certified mail, return receipt requested".  Here, the Certificate of Service attached to the information subpoena specifies that service was made "by first class mail".  Where service of an information subpoena did not comply with Rule 5224, a "motion to compel compliance with the subpoena must be denied".  <u>AXA Equitable Life Ins. Co. v. Epstein</u>, 29 Misc.3d 689, 692 (N.Y. Sup. Ct. 2010).  Accordingly, plaintiff's motion is denied on this basis.

Plaintiff's motion must also be denied for a second reason.  The information subpoena states that it is "serve[d] upon the above-named Defendant".  Plaintiff's Requests for Production With Respect to Asset Consulting Experts, LLC [11-2], at 2.  To the extent that this is ambiguous, the certificate of service plainly states that service was made upon "Michael Evans".  Mr. Evans, however, is not the judgment debtor.  *See* Decision and Order [10], at 14 (directing entry of judgment against Asset Consulting Experts, LLC, and dismissing the action as to Michael Evans).  Because the information subpoena was directed to an individual "other than the judgment debtor", plaintiff's attorney was required to include the required certification language.  *See* CPLR Rule 5224(a)(3)(i).  However, the information subpoena does not contain this

certification.  *See* Plaintiff's Requests for Production With Respect to Asset Consulting Experts, LLC [11-2], at 2-4.  The information subpoena, therefore, "shall be deemed null and void". CPLR Rule 5224(a)(3)(ii).  Accordingly, plaintiff's motion to compel is denied for this additional reason.

## CONCLUSION

For the reasons stated above, plaintiff's Motion to Compel Responses to Rule 69 Discovery [11] is denied, without prejudice.  In addition, the Clerk of the Court is directed to enter a total judgment in plaintiff's favor against defendant Asset Consulting Experts, LLC, in the amount of $3,119.00, consistent with this Court's March 9, 2021 Decision and Order.

**SO ORDERED**.

Dated: December 27, 2021

/s/      Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

- 4 -